JOSEF NYSTAD et al., Plaintiffs, *v.* METROPOLIS HOLDING CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, November 2, 1945.

*William Victor Goldberg* for Metropolis Holding Corporation, defendant.

*Joseph H. Robins* and *Morris Lavitt* for plaintiffs.

WALTER, J. In this action for the foreclosure of two moratorium-protected mortgages it is alleged that the principal became due under the terms of an extension agreement on October 1, 1945, and the only default alleged is a failure to pay the quarter-annual amortization payment which is claimed to have become due on October 1, 1945, by virtue of section 1077-g of the Civil Practice Act. Defendant moves to dismiss the complaint as not stating a cause of action.

I construe section 1077-g as requiring amortization payments only in respect of mortgages the principal of which is due. Under that construction no amortization payment will become due on these mortgages until January 1, 1946. The motion to dismiss the complaint is accordingly granted but with leave to plaintiff to serve an amended complaint within ten days after service of a copy of the order hereon with notice of entry. A contrary construction would impute to the Legislature an intent to require statutory amortization payments concurrently with amortization payments provided by agreement and would result in retroactively creating defaults under many mortgages not hitherto supposed to be in default. No decision upon the point presented has been cited or found but my conclusion seems to me analogous to the ruling that the mortgagee's right to any surplus over and above taxes, interest. and other carrying charges under section 1077-c of the Civil Practice Act accrues only upon the expiration of six months after default on the payment of principal. (*Matter of Central Hanover Bk. & Trust Co.* [*42 Broadway Realty Corp.*], 280 N. Y. 781.)